UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**RITA SALADIN,**

                        **Plaintiff,**

                      **-v-**                                **6:05-CV-136**

**THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,**

                        **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

John N. Kalil, Esq.
289 Genesee Street
Utica, New York 13501
Attorney for Plaintiff

Wilson, Elser, Moskowitz, Edelman & Dicker
David L. Cochran, Esq., of counsel
677 Broadway, 9th Floor
Albany, New York 12207
Attorneys for Defendant

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## INTRODUCTION

      Plaintiff moves (Dkt. No. 8) for summary judgment in this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*., to recover a $100,000 accidental death benefit under a group insurance policy issued by defendant to plaintiff's late husband. Defendant cross-moves for summary judgment (Dkt. No. 11). For the reasons set forth below, the Court denies plaintiff's motion, grants defendant's cross-motion, and dismisses the complaint without prejudice.

**FACTS**

The undisputed facts are as follows. Defendant Prudential Insurance Company of America issued a Group Accidental Death and Dismemberment Insurance Policy ("policy") to J.C. Penney Corp. Plaintiff's husband, Albert Saladin, an employee of J.C. Penney Corp. until July 31, 1994, participated in the policy and named plaintiff as the primary beneficiary.

On May 28, 2004, Mr. Saladin fell in the bathroom of his home, hitting the right side of his head. He was admitted to the hospital the following day. After a diagnosis of a right subdural hematoma, he underwent a right frontal craniotomy with evacuation of the hematoma. A subsequent CAT scan revealed a left cerebral hemorrhage with herniation. He died on June 4, 2004. The death certificate states the "immediate cause" of death as "subdural hematoma/cerebellar hemorrhage," "due to or as a consequence of parkinsonism/dementia."

By letter dated August 16, 2004, plaintiff's attorney, John N. Kalil, Esq., submitted plaintiff's claim for benefits under the policy. By letter dated September 17, 2004, defendant disclaimed coverage based on an exclusion in the policy. The disclaimer stated that, upon reviewing the insured's death certificate, the medical records from his final hospitalization, and the group policy booklet, defendant concluded as follows:

> Since Mr. Saladin's death resulted from complications of his sickness, not from an accidental injury, the death does not meet the group policy's definition of accidental death. Furthermore, the death certificate indicates that the insured died of natural causes. Since the cause and manner of death did not meet the group policy's definition of accidental death, we are denying your claim for accidental death benefits in the amount of $100,000.

The portion of the policy booklet cited by defendant in denying coverage states that accidental death benefits are payable when the insured sustains "an accidental bodily injury" and

"The Loss results directly from that injury and from no other cause." The policy excludes loss resulting from "Sickness, whether the loss results directly or indirectly from the Sickness." [1]

The disclaimer letter also informed plaintiff of her right to appeal the decision, and gave substantial information regarding the appeal process. It included the following:

> You have a right to appeal this decision. If you elect to do so, your appeal must be made in writing by you or your authorized representative.... Your appeal should contain:
> - The reasons that you disagree with our determination
> - The name, policy number and claim number for the insured
> - Medical evidence or documentation to support your position
>
> Evidence or documentation may include but not be limited to such materials as:
> - Copies of attending physician records, police report, medical examiner's report
> - Any additional treatment records from physicians
> - actual test results (e.g. EMG, MRI)
>
> You may submit with your appeal any written comments, documents, records and any other information relating to your claim.

After setting forth the address to which the appeal was to be submitted, the letter explained the procedure for second and third appeals, and stated: "After completion of the first two levels of appeal, you may also file a lawsuit under ... ERISA." [2]

---

[1] Defendant submits the booklet, coverage certificate, and ERISA statement for Group Policy G-1729. Plaintiff attaches to the complaint incomplete portions of Group Policy GY-1729. The coverage and exclusionary language in GY-1729 is virtually identical to that in G-1729, and the seemingly random pages attached to plaintiff's complaint do not include any language regarding administrative remedies. For purposes of this decision, this purported discrepancy is irrelevant.

[2] The ERISA statement accompanying the booklet and certificate of coverage set forth in detail the administrative appeals procedure. It includes the following:

> If your claim for benefits is denied ... you or your representative may appeal your denied claim in writing to Prudential.... You may submit with your appeal any written comments, documents, records and any other information relating to your claim. Upon your request, you will also have access to, and the right to obtain copies of, all documents, records and information relevant to your claim....

Without pursuing the administrative appeal process, plaintiff commenced the instant action to recover the $100,000 benefit on or about December 23, 2004.  Plaintiff contends that Mr. Saladin died due to an accidental injury, specifically a head injury sustained when he slipped and fell on the wet bathroom floor, and that therefore she is entitled to recover under the policy. She moves for summary judgment based on her affidavit and that of her husband's treating neurologist.

Defendant cross-moves for summary judgment.  Defendant's primary argument is that the complaint must be dismissed for failure to exhaust administrative remedies.

## DISCUSSION

Summary judgment is appropriate "where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of New Jersey, Inc*., 448 F.3d 573, 579 (2d Cir. 2006) (internal quotation marks omitted).  A dispute about a genuine issue of material fact exists if the evidence is such that "a reasonable [factfinder] could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all

---

A full review of the information in the claim file and any new information submitted to support the appeal will be conducted by Prudential, utilizing individuals not involved in the initial benefit determination.  This review will not afford any deference to the initial benefit determination.

The statement adds that if the claim is denied on appeal, the appellant will receive written notification from Prudential which shall include, *inter alia*, "a statement describing any appeals procedures offered by the plan, and your right to bring a civil suit under ERISA."  The statement also provides for a second, voluntary administrative appeal, but notes: "If you elect to initiate a lawsuit without submitting to a second level of appeal, the plan waives any right to assert that you failed to exhaust administrative remedies."

There is a discrepancy between the disclaimer letter and the ERISA statement regarding whether one or two appeals are required before the administrative appeal process is exhausted.  However, this discrepancy is irrelevant here – plaintiff did not take a first appeal, which both documents clearly require prior to bringing a lawsuit.

inferences, against the movant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

As noted by the Second Circuit, "ERISA requires both that employee benefit plans have reasonable claims procedures in place, and that plan participants avail themselves of these procedures before turning to litigation." *Eastman Kodak Co. v. STWB, Inc.* 452 F.3d 215, 219 (2d Cir. 2006). ERISA mandates that covered employee benefit plans "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant," 29 U.S.C. § 1133(1), and "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review." 29 U.S.C. § 1133(2); *see also* 29 C.F.R. § 2560.503-1(g)(1).

There is a "firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases." *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 140 (2d Cir. 2000) (quoting *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir.1993)). A claimant's failure to exhaust a benefit plan's administrative remedies is an affirmative defense; as such, it is subject to equitable considerations such as waiver, estoppel, and futility. *See Paese v. Hartford Life Accident Ins. Co.*, 449 F.3d 435, 443, 446 (2d Cir. 2006). With respect to a claimant's assertion of futility, only a "clear and positive" showing that seeking review would be futile will excuse a claimant from exhausting his or her claim. *Jones*, 223 F.3d at 140.

Here, it is undisputed that plaintiff did not pursue her administrative remedies. Plaintiff does not claim that defendant failed to provide adequate notice of the review procedures as required by ERISA. Rather, plaintiff asserts that the administrative appeal process would have been futile because defendant exhibited bad faith in failing to undertake a thorough investigation

and in disclaiming based solely on the death certificate and hospital records. Plaintiff contends that defendant should have interviewed plaintiff, who would have told them that she observed her husband walk easily to the bathroom; that upon hearing a loud thud moments later, she found him on the bathroom floor; that he told her he had slipped on water; and that plaintiff observed water on the bathroom floor, presumably from her own shower minutes earlier. She also contends that defendant should have interviewed Mr. Saladin's treating neurologist, Ahmed Shatla, M.D., who would have told them that during the months prior to the accident, Mr. Saladin's Parkinson's disease was well controlled and his gait was steady, and further that in his opinion Mr. Saladin died from neurotrauma unrelated to his dementia and Parkinson's disease. On the present motions, plaintiff submits her own affidavit and that of Dr. Shatla.

Even if it is true that defendant based its September 17, 2004 disclaimer on incomplete information, this would not support a finding that the administrative appeal process was futile. To the contrary, the administrative appeal process would have given plaintiff the opportunity to place before defendant all the information plaintiff considered relevant, including the affidavits from her and Dr. Shatla which she now presents to this Court. The evidence adduced by plaintiff, viewed in the light most favorable to her, does not support a finding of bad faith or breach of fiduciary duty; nor is there any other basis to invoke the futility doctrine. *Compare Paese*, 449 F.3d at 449 (finding futility where insurer sent plaintiff a letter stating that the plan's "claim decision is now final" and that plaintiff had "exhausted any administrative remedies available to [him] under the policy"); *Ludwig v. NYNEX Serv. Co.*, 838 Fed.Supp. 769, 782 (S.D.N.Y. 1993) (finding futility where plaintiff made two written inquiries seeking review of adverse benefits decision, employer failed to inform plaintiff of appeal rights, and employer did not respond to

plaintiff's lawyer's letter requesting review).

The disclaimer letter of September 17, 2004 clearly apprised plaintiff of the procedure for the first administrative appeal, consistent with the ERISA statement which is part of the G-1729 policy.  It is undisputed that plaintiff did not pursue this remedy.  Viewed in the light most favorable to plaintiff, the evidence would not support a finding of futility or any other ground to excuse her from exhausting her administrative remedies.  The record evidence establishes as a matter of law that plaintiff is not entitled to summary judgment and that defendant is entitled to summary judgment on the ground that plaintiff failed to exhaust her administrative remedies.

ORDERED that plaintiff's motion for summary judgment and for attorney's fees (Dkt. No. 8) is denied; and it is further

ORDERED that defendant's cross motion for summary judgment (Dkt. No. 11) is granted; and it is further

ORDERED that the complaint is dismissed without prejudice.

IT IS SO ORDERED.

February 26, 2008
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge